**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

RYAN SCOTT HOLT                                                            PLAINTIFF
#147041

v.                                    4:22CV00568-LPR-JTK

KENNY DUNHAM, et al.                                                      DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge Lee P. Rudofsky.    Any party may file written objections to all or part of this

Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.    By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

**I.      Introduction**

Ryan Scott Holt ("Plaintiff") is in custody at the Van Buren County Detention Center.    He

filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma

Pauperis, which was granted.    (Doc. Nos. 1-3).    The Court screened Plaintiff's Complaint

pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a

claim upon which relief may be granted.    (Doc. No. 3).    Plaintiff was given the opportunity to

file an Amended Complaint to cure the deficiencies in his pleading.    (Id.)    To date, Plaintiff has

not filed an Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.  Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.  Facts and Analysis

Plaintiff sued Jail Administrator Kenny Dunham, Supervisor Nancy Lawrance, and Nurse Practitioner Crystal Stripland (collectively "Defendants") in their personal and official capacities. (Doc. No. 2 at 1-2).  Plaintiff claims his mail is being tampered with.  According to Plaintiff, the post office confirmed that one letter was delivered to the Detention Center, but Plaintiff never

received the letter.   (Id.).   Another letter was delivered to Plaintiff, but the envelope was empty.

(Id.).   Further, Plaintiff was not given a fax that was sent to him at the Detention Center.   (Id.).

Plaintiff also claims that inmates' medication is being passed out to the wrong people daily.

(Id.).   Plaintiff says jailers who are not qualified to distribute medication, including Defendant

Lawrance, are doing so.   (Id. at 6-7).   According to Plaintiff, Defendant Lawrance gave Plaintiff

the wrong medication on Friday, June 10, 2022.   (Doc. No. 2 at 7).

Plaintiff makes no allegations against Defendants Dunham and Stripland.

Plaintiff seeks damages and transfer to a different facility.   (Id. at 8).

### A.      Official Capacity Claims

Plaintiff identified all Defendants as being employed at the Van Buren County Detention

Center.   Plaintiff sued Defendants in their personal and official capacities seeking damages,

among other relief.   "A suit against a government officer in his official capacity is functionally

equivalent to a suit against the employing governmental entity."   Veatch v. Bartels Lutheran

Home, 627 F.3d 1254, 1257 (8th Cir. 2010).   Plaintiff's claims against Defendants, then, are the

equivalent of claims against Van Buren County.   To establish municipal liability, a plaintiff must

prove that an official municipal policy, deliberately indifferent failure to train or supervise, or

unofficial custom caused the constitutional injury.   Corwin v. City of Independence, Missouri,

829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691

(1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

To the extent Defendant Nurse Practitioner Stripland may be employed by a third party,

Plaintiff's official capacity claim against her is equivalent to a claim against her employer.   See

Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993).   To state a claim against a third

party employer, a plaintiff similarly would have to allege that a policy or custom of the employer was the driving force behind the violation of the plaintiff's rights.

Plaintiff has not alleged that a policy or practice is the moving force behind the alleged violation of his rights.   As such, Plaintiff fails to state a official capacity claim on which relief may be granted.

### B.    Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### 1.    Defendants Dunham and Stripland

Plaintiff names Kenny Dunham and Crystal Stripland as Defendants, but Plaintiff makes no allegations of fact against either of these Defendants.   As such, Plaintiff's claims against Defendants Dunham and Stripland fail.   Id.

### 2.    Tampering With Mail Claim

Inmates retain their First Amendment rights of speech that are "'not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system.'"   Hudson v. Palmer, 468 U.S. 517, 523 (1984).   This includes the right to send and receive mail.

Plaintiff does not identify the person he believes is tampering with his mail.    Further, nothing in Plaintiff's pleading indicates that the mail was legal mail, or that the tampering was content based or carried out pursuant to policy.    Generally, isolated incidents of mail tampering are not sufficient to rise to the level of a constitutional violation.    See, among others, <u>Davis v. Goord</u>, 320 F.3d 346, 251 (2nd Cir. 2003).    Considering the above, Plaintiff's mail-tampering allegations fail to state a claim on which relief may be granted.

### 3.    Deliberate Indifference to Medical Needs

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. <u>Ivey v. Audrain County, Missouri</u>, 968 F.3d 845, 848 (8th Cir. 2020).    For convicted prisoners, the rights are protected under the Eighth Amendment.    To succeed on a claim of deliberate indifference to a medical need, a pretrial detainee plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. <u>See</u> <u>Id</u>.    "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."    <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1239 (8th Cir. 1997).    "Mere negligence is not sufficient to support a cause of action under § 1983."    <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff alleges Defendant Lawrance, who Plaintiff claims is not licensed to handle medicine, passed out to him the wrong medication on June 10, 2022.    (Doc. No. 2 at 7).    Plaintiff asserts Defendant Lawrance distributed to him the wrong medication once, but that claim sounds in negligence rather than in deliberate indifference.    See <u>Nard v. Colclough</u>, No. 4:05-cv-00429, 2007 WL 30218 (E.D. Ark. Jan. 3, 2007) (distribution of wrong medication does not rise to the

level of deliberate indifference); <u>Griggs v. Livermore</u>, No. 13-5133, 2014 WL 979197, at *3 (W.D. Ark. March 13, 2014) ("There is no constitutional requirement that medication be disbursed only by trained medical personnel.") (internal citation omitted).   As set out above, negligence is not enough to state a claim under § 1983.   <u>Hall</u>, 992 F.2d at 152.   Plaintiff's allegations against Defendant Lawrence fail to state a claim on which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."